# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SELLING SOURCE, LLC, | ) | |
|                Plaintiff, | ) | Case No.  2:09-cv-01491-JCM-GWF |
| vs. | ) | **ORDER** |
| RED RIVER VENTURES, LLC, *et al.*, | ) | Re: Request for Temporary Sealing of Records |
|                Defendants. | ) | |

       This matter is before the Court on the parties' Joint Motion to Seal and/or Redact Portions of Record (#186), filed on December 9, 2010 and the letter from Plaintiff's counsel (copied to Defendant's counsel), of the same date, in which the parties request that the Court temporarily seal the various documents which they seek to have permanently sealed while the Joint Motion is under review.  The Court is disinclined to grant this request for two reasons.

       First, a number of the documents were exhibits to Plaintiff's complaint and Defendants' answers or were filed as exhibits to Plaintiff's motions for a temporary restraining order and preliminary injunction or the opposition thereto.  Although the parties state that a request to seal documents or information included in a motion for temporary restraining order and preliminary injunction are not subject to the "compelling reasons" standard set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), the legal authority for this proposition is not clearly settled.  In *In re National Security Agency Telecommunications Records Litigation*, 2007 WL 549854 (N.D. Cal. 2007) *4, cited in the Joint Motion (#186), the district court stated a preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial.  *Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596 (S.D. Cal. 2009) *6, however, takes the contrary position and states as follows:

> An order on a motion for TRO and seizure directly addresses the merits of the action and seeks injunctive relief before trial. Motions for injunctive relief are recognized as dispositive in other contexts. *See* 28 U.S.C. § 636(b)(1). Accordingly, Plaintiffs' TRO and Seizure Motion is dispositive for purposes of sealing court records. Plaintiffs therefore must meet the "compelling reasons" standard to seal their confidential informant declarations.

The Court therefore must determine which standard applies and, if the higher "compelling reasons" standard applies, whether that standard has been met by the parties.

Second, the majority of the documents that the parties seek to seal were filed many months ago. Having settled the case, the parties now seek to seal documents or information that arguably should have been sealed at the time they were filed. While the Court may find valid grounds under the applicable standards to grant the parties' motion once it has an opportunity to fully review and analyze this matter, the parties have not shown good cause for the issuance of a temporary sealing order.

The Court will, however, grant the parties' request to seal Exhibits 29 and 30 to the Pope Declaration (#64) which contains copies of check registers and bank account numbers. To the extent that similar records, or personal identifier information such as dates of birth and social security numbers are in filed documents, the parties should identify those specific documents and the Court will seal them. Accordingly,

**IT IS HEREBY ORDERED** that the parties' request that the Court temporarily seal all records is **denied.**

**IT IS HEREBY FURTHER ORDERED** that the Clerk of Court shall seal Exhibits 29 and 30 to the Declaration of Curtis Pope (#64), filed on August 28, 2009.

DATED this 16th day of December, 2010.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE