1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SELLING SOURCE, LLC,                       )
                                                          )
                            Plaintiff,          )          Case No.  2:09-cv-01491-JCM-GWF
                                                          )
vs.                                                    )          **ORDER**
                                                          )
RED RIVER VENTURES, LLC, *et al.*,   )          Motion to Seal (#186)
                                                          )
                            Defendants.     )
_____)

        This matter is before the Court on the parties' Joint Motion to Seal and/or Redact Portions

of Record (#186), filed on December 9, 2010.

**DISCUSSION**

        The parties request that the Court seal significant portions of the record in this action,

arguing that the material at issue contains confidential personal, proprietary and/or trade secret

information.  (#186).

**I.       Request to Seal Non-Dispositive Documents and Exhibits**

        In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the

absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United

States District Court*, 187 F.3d 1096, 1103 (9th Cir.1999).  Non-dispositive documents and exhibits

may be sealed, however, by the Court if the party shows "good cause" for limiting access.  *Phillips

v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002) (finding that Fed.R.Civ.P. 26(c)

authorizes a district court to override the presumption of public access where "good cause" is

shown).  For good cause to exist, the party seeking protection bears the burden of showing that

specific prejudice or harm will result if the materials are not filed under seal.  *See Beckman Indus.,

Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of

harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)

test"); *see also San Jose Mercury News, Inc.*, 187 F.3d at 1102 (holding that to gain a protective

order the party must make "particularized showing of good cause with respect to any individual

document"). "If a court finds particularized harm will result from disclosure of information to the

public, then it balances the public and private interests" to decide whether the information should

be filed under seal. *Id.* at 1211 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.

1995)).

### A.    Trade Secret Materials

The parties request that portions of several non-dispositive filings be redacted because they

contain information related to Selling Source's propriety business operations and trade secrets.

(#186).  It is well-settled that the court has the authority to shield proprietary information related to

the ongoing operations of a business from public review.  Fed.R.Civ.P. 26(c)(1)(G) anticipates that

the court may require that "a trade secret or other confidential research, development, or

commercial information not be revealed or be revealed only in a specified way." *See also*

*Carpenter v. U.S.,* 484 U.S. 19, 26, 108 S.Ct. 316 (1987) (holding that "[c]onfidential information

acquired or compiled by a corporation in the course and conduct of its business is a species of

property to which the corporation has the exclusive right and benefit").

The parties are requesting that the Court seal material that includes trade secrets and

proprietary business information in the following non-dispositive filings: *Complaint* (#1); *AO 120*

*Report* (#4); *Motion to Compel and Appoint Computer Forensics Expert* (#86); *Answer and*

*Counterclaims* (#94); *Motion for Order to Show Cause* (#129); *Opposition to Motion to Show*

*Cause* (#134); *Reply in Support of Motion for Order to Show Cause* (#140); *Transcript of Hearing*

*on Motion for Order to Show Cause* (#152); *Motion to Quash Subpoena* (#165); *Opposition to*

*Motion to Quash Subpoena* (#172); *Order on Motion to Quash* (#174); and *Defendants' Motion to*

*Compel Discovery Responses* (#177).  As the material at issue is included in non-dispositive filings,

the Court will apply the "good cause" standard in examining whether the filings should be sealed.

The Court finds that most of the material consists of detailed information regarding the

parties' business operations, customer agreements, corporate structure, the details of Selling

Source's customer base and how the company works with and licenses products to its customers

2

and measures it takes to protect its intellectual property.  Based on the content of this material, the parties' interest in protecting their trade secrets and proprietary business practices outweighs the general public interest in public filings.  Accordingly, the Court finds the parties have demonstrated that a particularized harm would result from public disclosure of the following materials and that there is good cause to redact the following documents in order to prevent infringement upon the parties' trade secrets:

1. *Complaint* (#1), ¶¶ 25-26, 31-34, 37-39 (discusses Selling Source's business practices, business model and the agreements between the company and its customers);

2. License Agreement, Exhibit A to *Complaint* (#1-1) (includes substantial discussion of proprietary commercial practices and the structure of Selling Source's agreements with clients);

3. Complaint, Exhibit A to *AO 120 Report* (#4-1), ¶¶ 25-26, 31-34 and 37-39 (includes details about Selling Source's business practices, business model and the agreements between the company and its customers);

4. *Answer and Counterclaims* (#94), ¶¶ 16-33, 37-50, 57-62, and 86-87 (discusses significant aspects of the parties' business practices and business models);

5. Exhibits 1-14 to *Answer and Counterclaims* (#94-1, 94-2) (includes agreements and contracts detailing the parties' commercial practices and arrangements with specific customers);

6. *Mem. of Points and Auth. In Support of* Ex Parte *Motion to Compel and Appoint Computer Forensics Expert* (#86), pp. 4 n.4 and 5:17-6:14 (discusses Selling Source's business practices and arrangements with specific customers);

7. *Mem. of Points and Auth. In Support of Motion for Order to Show Cause* (#129-1), pp. 1:18-2:21, 8:1-12:21 (discusses commercial practices and security measures used by Selling Source);

8. *Carl Michael Lane Deposition Transcript* (#129-3), pp. 19:17-20:2, 21:2-6, 21:19-23 (discusses Selling Source's corporate structure and purchase agreement details);

3

9.      *Soeren Poulsen Declaration* (#129-6), ¶¶ 5-11 and Exhibits attached to *Poulsen Declaration* (#129-7) (includes details of security measures taken by Selling Source related to commercial operations);

10.     *Stephen Gudelj Declaration* (#129-4), ¶¶ 4-12 and Exhibits attached to *Gudelj Declaration* (#129-5) (includes details of security measures taken by Selling Source related to commercial operations);

11.     *Opposition to Motion to Show Cause* (#134), pp. 2:26-27, 3:1-8, 9:22-10:19, 12:19-13:3, 13:12-19, 14:1-4 (includes specific information about Selling Source's finances, relationship with customers, specific commercial operations and security measures);

12.     Transcript of TRO Hearing, attached as Exhibit 2 to the *Chad R. Fuller Declaration* (#135 at 4-32) (significant parts of the transcript discuss Selling Source's corporate structure, business practices, agreements with customers, financial condition and profit strategy);

13.     Carl Michael Lane Deposition Transcript, attached as Exhibit 3 to *Chad R. Fuller Declaration* (#135 at 34-49) (discusses Selling Source's corporate structure and purchase agreement details);

14.     *Declaration of Travis Rodack* (#138), ¶¶ 2-8 (discusses the details of security measures taken by Selling Source related to commercial operations);

15.     *Reply in Support of Motion for Order to Show Cause* (#140), p. 9:3-23 (discusses the details of security measures taken by Selling Source related to commercial operations);

16.     Declaration of Natalie Dempsey, attached to *Reply in Support of Motion for Order to Show Cause* (#140-2, 140-3), ¶¶ 1-6 (discusses security procedures taken by Selling Source related to commercial operations);

17.     Declaration of Jeff O'Hare, attached to *Reply in Support of Motion for Order to Show Cause* (#140-4, 140-5), ¶¶ 1-6 (discusses security procedures taken by Selling Source related to commercial operations);

4

18.     *Transcript of Hearing on Motion for Order to Show Cause* (#152) (includes discussion of Selling Source's finances, relationship with customers, specific commercial operations and security measures);

19.     *Motion to Quash Subpoena* (#165) and *Errata to Motion to Quash* (#166) (includes details related to attorney-client communications that the Court previously found should be sealed (*See* #174));

20.     *Opposition to Motion to Quash Subpoena* (#172) (includes details related to proprietary commercial operations and confidential attorney-client communications and should remain under seal (*See* #174));

21.     *Order on Motion to Quash* (#174) (includes discussion of attorney-client communications and details of business operations, which the Court placed under seal at the time of the order); and

22.     Discovery responses attached as Exhibit A and D to *Defendants' Motion to Compel Discovery Responses* (#177-1, 177-4) (responses include details related to proprietary commercial operations, agreements with customers and financial condition).

The Court will seal the documents discussed above upon the parties' filing of redacted versions.

While the parties have demonstrated good cause to seal sections of the documents discussed above, the parties have failed to meet their burden to show good cause to seal other portions within the *Answer and Counterclaims* (#94).  The parties request that the Court seal ¶¶ 65 and 71 of Defendants' Counterclaims (#94) and argue that these paragraphs discuss relationships between non-party individuals and entities.  The Court finds that the allegations do not satisfy the good cause standard for the Court to seal or redact.  The allegations contained in ¶¶ 65 and 71 do not relate to the parties' proprietary commercial practices and do not disclose the trade secrets of either party.  The statements at issue involve accusations that Plaintiff made false accusations to third parties that Defendants had misappropriated data or misappropriated trade secrets.  (#94 at 23-24).  As these statements are contained in Defendants' Answer and Counterclaims (#94), they amount to

broad allegations of harm of the kind that regularly appear in complaints.  The accusations, briefly stated in a counterclaim, are unsubstantiated by specific examples or articulated reasoning.  As a result, the allegations contained in ¶¶ 65 and 71 do not satisfy the Rule 26(c) test as there has been no showing that specific harm will result from their disclosure.  *See Beckman Indus., Inc.*, 966 F.2d at 476 (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").  Indeed, the Ninth Circuit has held that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (affirming District Court's decision not to seal records that might, among other things, cast police officers in a false light).

### B.    Materials Containing Inaccurate Allegations

In addition to the request to seal non-dispositive filings due to the inclusion of trade secrets, the parties also request that p. 5 ln 16 in Selling Source's Emergency Motion to Compel Defendants to Appear for Deposition (#180) be sealed as it contains factual inaccuracies.  (#186 at 17).  The statement at issue concerns the allegation of theft of proprietary information from Selling Source, but also indicates that a non-party to this action was involved.  The parties agree that this allegation is factually inaccurate.  As the false allegation could cast the non-party in a false light or be used inappropriately in a libelous fashion, the Court finds that particularized harm will result from disclosure of information to the public and that there is good cause to redact the statement at issue.   Therefore, the Court will seal this portion of Selling Source's Emergency Motion to Compel Defendants to Appear for Deposition (#180) upon the parties' filing of a redacted version.

## II.    Request to Seal Dispositive Documents and Exhibits

Where a petitioner seeks to seal documents or exhibits that are dispositive in nature, the petitioner must meet the higher standard of showing "compelling reasons" for the documents to be sealed.  *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 n. 4 (9th Cir. 2009); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The Court applies the higher "compelling reasons" standard to dispositive motions, rather than the "good cause" standard,

because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events." *Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *6 (S.D.Cal. July 23 ,2009) (citing *Kamakana*, 447 F.3d at 1179).

The Ninth Circuit has not ruled on the question of whether a motion for preliminary injunction constitutes a dispositive motion for purposes of sealing court records. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *6 (S.D.Cal. July 23, 2009). District court decisions within the Ninth Circuit are divided on this question. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *6-7 (S.D.Cal., July 23, 2009); *White v. Sabatino*, 2007 WL 2750604, *2 (D.Hawai'I, Sept. 17, 2007); *In re Nat'l Sec. Agency Telecomm, Records Litig.*, 2007 WL 549854 *3-4 (N.D.Cal. Feb.20, 2007). In *In re Nat'l Sec. Agency Telecomm, Records Litig.*, the court held that a preliminary injunction motion should not be considered a dispositive motion for purposes of sealing court records. 2007 WL 549854, *3. The court examined the Ninth Circuit's underlying rationale in imposing a heightened standard for sealing dispositive motions and stated "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* (quoting *Kamakana*, 447 F3d at 1179). By contrast, "the public's interest in non-dispositive motions is comparatively modest because 'those documents are often unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* Based on this language, the court drew a distinction between a motion that determines the "resolution of a dispute on the merits" and a motion that merely raises "consideration" of the merits. 2007 WL 549854, *3. As a result, the court held that a "preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial". *Id.* at *4.

In *Dish Network L.L.C. v. Sonicview USA, Inc.*, however, the district court held that an order on a motion for temporary restraining order ("TRO") was dispositive for purposes of sealing court records. 2009 WL 2224596 at *6. Like *In re Nat'l Sec. Agency Telecomm, Records Litig.*, the court based its holding on the Ninth Circuit's underlying rationale that "the resolution of a

7

1   dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in
2   ensuring the 'public's understanding of the judicial process and of significant public events.'"  *Id.*
3   (citing *Kamakana*, 447 F.3d at 1179).  In *Dish Network L.L.C.*, however, the court decided that an
4   order on a motion for TRO should be dispositive for purposes of sealing court records because it
5   "directly addresses the merits of the action and seeks injunctive relief before trial."  *Id.*  The court
6   determined that the dispositive/non-dispositive question did not turn on whether the request for
7   injunctive relief resolved the dispute on the merits, but whether it discussed the merits of the case
8   because the Ninth Circuit was concerned that the public should generally have access to court
9   records to increase understanding of the judicial process.  *See* 2009 WL 2224596 at *6 (citing
10  *Kamakana*, 447 F.3d at 1179).  In addition, the court noted that "motions for injunctive relief are
11  recognized as dispositive in other contexts."  *Id.* (citing 28 U.S.C. § 636(b)(1), which specifically
12  prohibits magistrate judges from hearing and determining requests for injunctive relief as they do
13  not have jurisdiction).

14       This Court finds the reasoning in *Dish Network L.L.C. v. Sonicview USA, Inc.* persuasive.
15  In creating,the "compelling reasons" standard, the Ninth Circuit stressed the "strong presumption of
16  access to judicial records" and the value to public understanding of the judicial process gained from
17  general access to court records.  *Kamakana*, 447 F.3d at 1179; *see also Nixon*, 435 U.S. at 597 &
18  n.7 (noting historic recognition of  "general right to inspect and copy public records and documents,
19  including judicial records and documents").  Requests for injunctive relief and filings opposing
20  injunctive relief involve significant discussion of the merits of the case and provide the public an
21  insight into how the court evaluates the merits of the action.  The Court finds that requests for
22  preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court
23  records.  The parties must therefore show "compelling reasons" to seal materials included in or
24  attached to a motion for preliminary injunction.

25       To meet the compelling reasons standard, the moving party "must overcome a strong
26  presumption of access by showing that compelling reasons supported by specific factual findings
27  outweigh the general history of access and the public policies favoring disclosure."  *Dish Network*
28  *L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *7 (S.D.Cal. July 23, 2009) (citing *Pintos*, 565

1   F.3d at 1116); *see also Kamakana*, 447 F.3d at 1179-80.  "Under the 'compelling reasons'

2   standard, a district court must weigh relevant factors, base its decision on a compelling reason, and

3   articulate a factual basis for its ruling without relying on hypothesis or conjecture." *Dish Network*

4   *L.L.C.*, 2009 WL 2224596 at *7 (citing *Pintos*, 565 F.3d at 1116).  "Relevant factors include the

5   public interest in understanding the judicial process and whether disclosure of the material could

6   result in improper use of the material for scandalous or libelous purposes or infringement upon

7   trade secrets." *Id.*

8        The parties have requested, through joint stipulation, that the Court seal or redact numerous

9   pleadings, documents and exhibits that request injunctive relief or argue the merits of whether

10  injunctive relief should be provided.

11       **A.    Trade Secret Materials**

12       The parties request that portions of several dispositive filings be redacted as they contain

13  information related to the parties' propriety business operations and trade secrets.  (#186).  In

14  evaluating this request the court must determine whether disclosure of the material reasonably

15  could result in infringement upon a party's trade secrets.  *Dish Network L.L.C.*, 2009 WL 2224596

16  at *7 (citing *Pintos*, 565 F.3d at 1116).  Where the material includes information about proprietary

17  business operations, a company's business model or agreements with clients, there are compelling

18  reasons to seal the material because possible infringement of trade secrets outweighs the general

19  public interest in understanding the judicial process.

20       The parties are requesting that the Court seal material that includes trade secrets and

21  proprietary business information in the following non-dispositive filings: *Memorandum of Points*

22  *and Authorities in Support of the Motion for TRO* (#12); *Defendants' Limited Opp. to Ex Parte*

23  *Motion for Temporary Restraining Order and Order to Show Cause* (#33-34); *Defendants' Opp.*

24  *To Order to Show Cause on Preliminary Injunction* (#62); *Reply in Support of TRO Motion* (#89);

25  and *Transcript of TRO Hearing* (#103).  The parties assert that these documents contain

26  information about to the parties' propriety business operations.  (#186).  The Court finds that most

27  of the material consists of detailed information regarding Selling Source's business operations,

28  customer agreements, corporate structure, the details of Selling Source's customer base and how

the company works with and licenses products to its customers and measures it takes to protect its intellectual property.  The Court finds that the public's interest in understanding the judicial process is outweighed by the possibility that disclosure of these materials could reasonably result in infringement of the trade secrets of Selling Source, Red River and their customers.  *See Dish Network L.L.C.*, 2009 WL 2224596 at *7.  Accordingly, the parties have demonstrated that a particularized harm would result from public disclosure and finds there are compelling reasons to redact the following documents in order to prevent infringement of the parties' trade secrets:

1. *Memorandum of Points and Authorities in Support of the Motion for TRO* (#12), pp. 4:2-23; 4:26; 6:22-25; 8:4-9; 11:12-15 and 11:22-24 (discussing Selling Source's proprietary business operations and customer base);

2. *Decl. of James Lassart* (#13), ¶¶ 2 and 4(stating detailed information about Selling Source's business operations and business model);

3. *Decl. of Stephen Gudelj* (#14), ¶¶ 4 and 13 (detailing Selling Source's security measures and operations);

4. *Decl. of Alton Irby* (#15), ¶¶ 4, 8-12 and 16-21 (contains proprietary information regarding Selling Source's business operations and customer base)

5. Master Services Agreement (attached as Ex. A to #15, at 9-19) and License Agreement (attached as Ex. A to #15, at 21-30) (contains significant discussion of Selling Source's proprietary business practices and agreements with customers);

6. *Decl. of Jeff O'Hare* (#16), ¶¶ 3-4 and 7-8 (contains information about the Selling Source's forensic investigation methods and security practices);

7. *Decl. of Soeren Poulsen* (#17), ¶¶ 4-11 (details Selling Source's forensic investigation methods and security measures);

8. *Defendants' Limited Opp. to Ex Parte Motion for Temporary Restraining Order and Order to Show Cause* (#33-34), p. 5:25-27 (reveals specific details about Selling Source's proprietary business operations);

9.    *Defendants' Opp. To Order to Show Cause on Preliminary Injunction* (#62),[1]
      pp. 1:8-2:5, 2:18-25, 3:7-11, 3:21-5:18, 5:20-6:26, 7:1-11:15, 12:11-15, 12:24-13:6,
      13:14-16, 14:3-11, 14:13-15:15, 15:26-16:2, 16:6-25, 17:9-16, 17:25-27, 18:5-8,
      23:16-24, 24:27-25:6, 25:16-26:12, 29:16-30:11, 32:25-33:2, 33:27-34:2 (detailing
      Selling Source's corporate structure, business practices, agreements with customers,
      financial condition and profit strategy);

10.   *Decl. Of Carl Michael Lane* (#63), ¶¶ 6-44, 46, 48, 50-55, 58-62, 67 (details Red
      River and Selling Source's commercial operations, financial condition, proprietary
      software and business practices);

11.   Exhibits attached to *Decl. of Curtis Pope* (#64-1, 64-2, 64-3, 64-4, 64-5, 64-6)
      (contains numerous contracts detailing Selling Source's business operations, method
      of working with customers, instructions for access to company networks and
      financial information);

12.   *Complaint* attached as exhibit 32 to *Decl. of Roger Croteau* (#65 at 4-44) (contains
      discussion of business practices of Selling Source and its customers);

13.   *Reply in Support of TRO Motion* (#89), pp. 2:14-3:4, 4:14-6:4, 6:27-7:4, 8:3-8, 8:13-
      15, 9:6-9, 10:9-13, 11:1-12:12 and 15:11-15 (detailing Selling Source's corporate
      structure, business practices, agreements with customers, financial condition and
      profit strategy); and

. . .

. . .

. . .

. . .

. . .

---

[1] The parties additionally argue that the same portions of *Defendants' Opp. To Order to Show Cause on Preliminary Injunction* (#62) should be sealed because they contain factually incorrect allegations. (#186 at 10). Because the Court has found compelling reasons to seal this material because it contains trade secret information, the Court will not address the factual inaccuracies argument.

14.  *Transcript of TRO Hearing* (#103)[2] (significant parts of the transcript discuss Selling Source's corporate structure, business practices, agreements with customers, financial condition and profit strategy).

The Court will seal the filings discussed above upon the parties' filing of redacted versions.

## B.  Materials Containing Inaccurate Allegations

In addition to the request to seal dispositive filings due to the inclusion of trade secrets, the parties also request that several dispositive filings be redacted or sealed because they contains false allegations that might improperly be used for libelous purposes.  (#186).  The Ninth Circuit has stated that the possibility that material could be used for scandalous or libelous purposes is a factor the court should weigh in determining whether the parties have shown compelling reasons to seal a dispositive filing.  *Dish Network L.L.C.*, 2009 WL 2224596 at *7 (citing *Pintos*, 565 F.3d at 1116).  Where the material at issue includes admittedly false allegations that could realistically be used for libelous purposes, there are compelling reasons to seal the material.  Accordingly, the Court finds the parties have demonstrated that a particularized harm would result from public disclosure and finds there are compelling reasons to redact the following documents in order to prevent the material from being used for scandalous or libelous purposes:

1.  *Decl. of Alton Irby* (#15), ¶¶ 4, 8-12 and 16-21 (contains factually incorrect material about the confidential relationships between Selling Source and its customers); and

2.  *Defendants' Limited Opp. to Ex Parte Motion for Temporary Restraining Order and Order to Show Cause* (#33-34), pp. 5:18-6:2 and 6:25-26 (contains factually incorrect material about the confidential relationships between Selling Source and a specific client related to the proprietary information theft allegations).

The Court will seal the filings discussed above upon the parties' filing of redacted versions.  Accordingly,

---

[2]  The parties additionally argue that the transcript of the TRO hearing (#103) should be sealed because it contains factually incorrect allegations.  (#186 at 13).  Because the Court has found compelling reasons to seal this material because it contains trade secret information, the Court will not address the factual inaccuracies argument.

1       **IT IS HEREBY ORDERED** that the parties' Joint Motion to Seal and/or Redact Portions

2 of Record (#186) is **granted** as stated above.

3       **IT IS HEREBY FURTHER ORDERED** that the parties shall file redacted versions of the

4 filings at issue in the record, in accordance with the Court's directions as laid out above, within

5 fourteen (14) days of this order.  Once the redacted versions have been filed, the Court will order

6 the originial filings to be sealed.

7       DATED this 29th day of April, 2011.

8

9

10       GEORGE FOLEY, JR.
       U.S. MAGISTRATE JUDGE

13